RECEIVED
USDC CLERK, CHARLESTON, SC

2006 OCT 16   A 10: 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Hitter, #71198, ) | C. A. No. 2:06-1502-TLW-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| John Ozmint, Director of SCDC; ) | |
| Janice Phillips; George Hagan, ) | |
| Warden of Allendale ) | |
| Correctional Institution; ) | |
| Dr. Byrns; LPN Schrock, ) | |
| NFN Paie, Deputy Warden ) | |
| ("D/W'); Nurse Derrick; ) | |
| Anthony Padula, Warden of ) | |
| Lee Correctional Institution; ) | |
| Dr. Lewis; Practitioner Ruff, ) | |
| and Allendale Mailroom ) | |
| Supervisor Helen Freeman, ) | |
| ) | |
| Defendants. ) | |

This civil rights action under 42 U.S.C. § 1983 with appended state negligence claims brought by a state prisoner proceeding *pro se*, is before the undersigned United States Magistrate Judge for a report and recommendation on the motion for summary judgment filed by all defendants save Helen Freeman. 28 U.S.C. § 636(b).

This suit was brought by Michael Hitter in the Court of Common Pleas for Richland County, South Carolina, and removed by the defendants to this court on May 17, 2006, on the basis of federal question jurisdiction. Hitter sued South Carolina Department of Corrections (SCDC) Director John Ozmint, Janice Phillips, Warden of Allendale Correctional Institution George

1

Hagan, Dr. Byrne, LPN Schrock, Deputy Warden (D/W) Pate, Nurse Derrick, Warden of Lee Correctional Institution Anthony Paldula, Dr. Lewis, and Practitioner Huff. Hitter amended his complaint on August 7, 2006, to add Allendale Mailroom Supervisor Helen Freeman.[1]

Hitter alleges that the moving defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment, negligence, and medical malpractice, in regard to his medical care for insulin-dependent diabetes mellitus. He seeks damages and equitable relief.

The defendants filed their summary judgment motion on August 17, 2006, along with plaintiff's prison medical records and the sworn affidavit of Dr. Byrne. On August 21, 2006, Hitter was provided a copy of the defendants' motion for summary judgment and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by

---

[1] Hitter has not yet served Freeman with a copy of the summons and complaint. Hitter is on notice that if he does not serve the defendant within 120 days of August 7, 2006, he will be subject to Local Civil Rule 4.01: Timely Service of Summons and Complaint. In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after the filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected. Failing to do so may result in dismissal of the action as to any unserved parties. Fed.R.Civ.P. 4(m).

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Hitter filed an unverified opposition to the summary judgment motion with exhibits on September 12, 2006.[2] Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

The burden on summary judgment is on defendant, as the moving party, to demonstrate the absence of any genuine issues of material fact. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to plaintiff, as the party opposing the motion. United States v. Diebold, 369 U.S. 654, 655 (1962); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473 (1962).

In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the genuineness and materiality of any purported factual issues. Though the burden of proof rests initially with the moving party, when a

---

[2] Despite the Roseboro order Hitter informed the court and the defendants that, "Plaintiff awaits the Magistrate's Report and Recommendation before he submits further strict proof." He also complains that he cannot adequately oppose the motion because he served discovery on the defendants on April 26, 2006, which discovery remains unanswered. He seeks information from which he can determine if affiant Dr. Byrne is actually a medical doctor and to obtain medical records which are not "hard to understand". Hitter filed no motion to compel the discovery sought within twenty (20) days as required by Local Rule 37.01, so that Hitter's discovery complaint is not properly before the court.

3

motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. Fed.R.Civ.P. 56(e). See, First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).

Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial is not an entitlement. It exists to resolve what reasonable minds would recognize as real factual disputes. See, Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980); Atlantic States Construction Co. v. Robert E Lee & Co., 406 F.2d 827, 829 (4th Cir. 1969).

## COMPLAINT

Hitter's complaint is not a short plain statement of claims contemplated by Fed.R.Civ.P. 8. Nonetheless the court is mindful that *pro se* filings should be construed liberally. See, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972). When reviewing a *pro se* complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pled, to determine whether they could provide a basis for relief. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1977); Boag v. MacDougall, 454 U.S. 364, 365 (1982). With that standard in mind, Hitter's claim appears to be that, in his

opinion, the defendants are not properly treating his diabetic condition.

## MEDICAL CARE VIOLATIVE OF THE EIGHTH AMENDMENT

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one who has committed a crime. See, U.S. Const. Amend. VIII. Accordingly, a prisoner makes out a claim under the Eighth Amendment if he can establish that the prison medical personnel responsible for his care were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976); Amos v. Maryland Dep't of Pub. Safety & Correctional Servs., 126 F.3d 589, 610 (4th Cir. 1997), vacated in part on other grounds, 118 S.Ct. 2339, 141 L.Ed.2d 710 (1998). These requirements go beyond even a showing of negligence, and requires Plaintiff to establish the defendants acted with an indifference as would "offend evolving standards of decency." Id.

In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Id. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."

5

Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Cf. Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

Likewise, constitutionally, the state is not required to furnish prisoners the best of care, only reasonable care. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). The constitution also does not guarantee a prisoner the treatment of his choice. Jackson v. Fair, 846 F.2d 811 (1st Cir. 1988). The mere failure to treat all medical problems to a prisoner's satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. Sosabee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Even if plaintiff could establish negligence in his medical treatment, his cause of action would be in negligence against the defendants. Section 1983 does not provide for a remedy for violation of state law, but only for violations which rise to the level of unconstitutional deprivation. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, *supra*. Negligence simply is not actionable under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327 (1986).

6

In a § 1983 claim, whether a medical provider has been deliberately indifferent to a prisoner's serious medical need is a two part inquiry. First, the prisoner must show that he was deprived of an objectively serious human need. <u>Johnson v. Quinones</u>, 145 F.3d 164 (4th Cir. 1998). Second, the plaintiff must demonstrate that the prison official acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991).

<u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), and cases interpreting <u>Farmer</u>, make clear that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific serious risk of harm confronting the inmate. <u>See</u>, <u>Farmer</u>, 511 U.S. at 837, 114 S.Ct. at 1978-79 (stating that "the official must both be aware that a substantial risk of serious harm exists, and he must also draw the inference").

Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837, 114 S.Ct. at 1979. Prison officials must know of and disregard an objectively serious condition, medical need, or risk of harm. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or

7

nonexistent." Farmer, 511 U.S. at 844, 114 S.Ct. at 1982; see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (holding that prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

### FACTS AND DISCUSSION

A review of the record and relevant case law indicates that the defendants are entitled to summary judgment on Hitter's § 1983 Eighth Amendment claim and that the court should decline jurisdiction over his state negligence claims.

The evidence presented demonstrates that the defendants were not deliberately indifferent to plaintiff's diabetic condition.

The only evidence of record is the plaintiff received and is continuing to receive a plethora of treatment for diabetes and his other medical problems. According to plaintiff's SCDC medical records, SCDC medical staff has consistently provided him with medications, discussed his diabetes medicine dosages, possible side effects, and the disease process. Hitter was consistently told about the importance of proper diet, exercise, foot care, site rotation and medical compliance.

According to the undisputed affidavit of Thomas E. Byrne, M.D., on February 4, 2004, FNP Grecco of SCDC instructed Hitter that his feet would get worse if he continued to handle his

diabetes in the manner he was handling it because he had many refusals for his insulin in his chart and had refused many fingersticks.[3] It is not disputed that Hitter actually hindered his medical treatment by refusing to keep medical appointments, missing appointments on March 31, 2004; July 26, 2004; September 30, 2004; November 17, 2004; December 2, 2004; December 8, 2004; December 9, 2004; March 20, 2005; June 3, 2005; June 8, 2005; July 13, 2005; July 14, 2005; July 18, 2005; December 15, 2005; and January 5, 2006. Hitter also missed appointments at the diabetic clinic for insulin injections or fingersticks. Plaintiff has refused morning insulin shots, fingersticks, and prescribed medications.

Hitter simply disagrees with medical decisions on how to treat and control his diabetes. Mere disagreement does not even begin to approach the required showing under § 1983 that the defendants actually knew of and disregarded a substantial risk of serious injury or that they actually knew of and ignored a serious need for medical care. In fact, it appears that the plaintiff himself actually knew of and ignored a serious need for medical care.

Further, Hitter has not provided any evidence that he suffered any damages. See, Aff. of Byrne. Hitter is not

---

[3] Hitter has stated, "There is no reason for constant fingersticks." (Byrne aff. p. 2).

9

entitled to relief on his § 1983 civil rights claim.

Should the court agree with this conclusion, it is further recommended that the court exercise its discretion under 28 U.S.C. § 1367(c) to decline to accept supplemental jurisdiction over Hitter's remaining negligence claims. ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ··· (3) the district court has dismissed all claims over which it has original jurisdiction."); see also, United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not a plaintiff's right ··· if the federal claims are dismissed before trial ··· the state law claims should be dismissed as well.")

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' summary judgment motion be granted as to the Eighth Amendment claim under 42 U.S.C. § 1983, and that the court decline to exercise jurisdiction over the remaining state law causes of action.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
October 16, 2006

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

11