IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Hitter, #71198, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.:2:06-1502-TLW-RSC |
| ) | |
| John Ozmint, Director of SCDC; ) | |
| Janice Phillips; George Hagan, Warden of ) | |
| Allendal Correctional Institution; Dr. Bryns; ) | |
| LPN Schrock, NFN Paie, Deputy Warden ) | |
| ("D/W"); Nurse Derrick; Anthony Padula, ) | |
| Warden of Lee Correctional Institution; ) | |
| Dr. Lewis; Practitioner Ruff, and Allendale ) | |
| Mailroom Supervisor Helen Freeman, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## ORDER

The plaintiff, Michael Hitter, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, in the Court of Common Pleas for Richland County, South Carolina. (Doc.#1). Defendants removed this suit to federal court on May 17, 2006, on the basis of federal question jurisdiction. The plaintiff is an inmate at Allendale Correctional Institution, a facility of the South Carolina Department of Correction (SCDC). Plaintiff alleges that the moving defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment, negligence, and medical malpractice, in regard to his medical care for insulin-dependent diabetes mellitus. Plaintiff seeks damages and relief. The complaint named as defendants John Ozmint, Director of SCDC, Janice Phillips, George Hagan, Warden of Allendale Correctional Institution, Dr. Byrns, LPN Schrock,

1

NFN Paie, Deputy Warden D-W, Nurse Derrick, Anthony Padula, Warden of Lee Correctional Institution, Dr. Lewis, and Practitioner Ruff. (Doc. #1).[1] On August 17, 2006, the defendants moved for summary judgment of plaintiff's claims. (Doc. #13). An Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 21, 2006, advising the plaintiff of the importance of a motion for summary judgment. (Doc. #14). The plaintiff was specifically advised that he had 34 days to respond and that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case. Id. The plaintiff filed a response on September 12, 2006. (Doc. #17).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Robert S. Carr, to whom this case had previously been assigned. (Doc. #19). In the Report, Magistrate Judge Carr recommends that "the defendants are entitled to summary judgment on [the plaintiff's] §1983 Eighth Amendment claim and that the court should decline jurisdiction over his state negligence claims." In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept,

---

[1] Upon filing objections to the Report and Recommendation, the plaintiff filed a motion to alter and amend the complaint (Doc. 22) adding Allendale Mailroom Supervisor Helen Freeman as a defendant in plaintiff's action. However, this Order renders plaintiff's motion to alter and amend and any other pending motions **MOOT**. (Docs. #23, #24).

2

reject, or modify any of the magistrate judge's findings or recommendations. Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).  In light of this standard, the Court has reviewed the Report.  After careful review of the Report and objections thereto, the Court accepts the Report *de novo*.  (Doc. #19).  Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #19), that the defendants' motion for summary judgment be **GRANTED** (Doc. #13) and that this Court declines jurisdiction over the plaintiff's state claims ending this action.[2]

**IT IS SO ORDERED**.

    s/Terry L. Wooten

Terry L. Wooten
United States District Judge

February 28, 2007
Florence, South Carolina

---

[2]This ruling renders any pending motions **MOOT**.

3